UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,

                Plaintiff,

v.                                        Case No. 14-4073-CM

A.D. KELLY and CHRIS DAVIS,

                Defendants.

## **REPORT AND RECOMMENDATION**

The pro se plaintiff, Marjorie A. Creamer, has moved to proceed with this action *in forma pauperis* (**ECF doc. 3**).   Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit … the person is unable to pay such fees or give security therefor."   To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[1] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2]   The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.[3]

---

[1] *United States v Garcia*, 164 Fed. App'x 785, 786 n. 1 (10th Cir. Jan. 26, 2006).

[2] *Green v. Suthers*, No. 99-1447, 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[3] *Garcia*, 164 Fed. App'x at 786 n.1.

When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint.  The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[4]  The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[5]  The screening procedure set out in § 1915(e) applies to all litigants, prisoners and non-prisoners alike.[6]

In applying § 1915(e) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[8]  "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[9]  Dismissal is appropriate

---

[4]28 U.S.C. §1915(e)(2)(B).

[5]*Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[6]*See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[7]*Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[8]*Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[9]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[10]

Plaintiff's complaint alleges this is a "CIVIL RIGHTS action of no probable cause for handcuffing and confinement, excessive force (i.e. 42 USC section 1983 – ADA 1964, 1991, 4th amendment, K.S.A. 21-6412, K.S.A. 21-4310, K.S.A. 47-1715 …" However, plaintiff's complaint contains very little factual information about this alleged civil rights violation.   Plaintiff states that on March 25, 2013, defendant Chris Davis used excessive force and handcuffed her outside of her vehicle while her two dogs remained in the car.   Plaintiff alleges that defendant A.D. Kelly, a veterinarian, received her two dogs and killed them on April 5, 2013.   Plaintiff's complaint admits that she has filed an earlier case, 13-4076-RDR, but "did not add the veterinarian" to that case.   A review of the court's records, however, indicates that plaintiff did name A.D. Kelly as a defendant in the related case and alleged very similar facts to those alleged in this complaint.

Interestingly, plaintiff's motion states that an affidavit to "appeal IFP was submitted also" and plaintiff used the form affidavit for permission to *appeal* in forma pauperis, although she marked out "appeal" and wrote in "file."[11] Further, plaintiff asserts that "[m]any complaints have been filed and still no one listening" and concludes that the

---

[10]*Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

[11] ECF doc. 3-1.

issue is cruelty along with the "biasness of a disabled person stripped of her dignity."[12]

Given the limited factual allegations stated in plaintiff's complaint, the court has serious reservations as to whether plaintiff's current lawsuit states basically the same cause of action and/or results from the same operative facts that she raised in the related case.  In 13-4076-RDR, plaintiff brought claims against several defendants, including both Chris Davis and A.D. Kelly, alleging that on March 25, 2013, she was arrested by Chris Davis outside of her vehicle while her two dogs were in the backseat and that on April 5, 2013 her two dogs were killed by the veterinarian.   In that case, the court found that plaintiff had not stated a plausible cause of action against defendant A.D. Kelly and therefore, dismissed him (ECF docs. 11, 50).   Although the court found that Chris Davis was linked to a plausible claim, the action against him was dismissed without prejudice for failure to comply with the court's rules and orders (ECF doc. 50).   Specifically, plaintiff was instructed to file an amended complaint within twenty days to plead compliance with K.S.A. 12-105b(d) for her state law claims against Mr. Davis and to include "a demand for the relief sought" as required by Fed. R. Civ. P. 8(a)(3) (ECF doc. 37). Plaintiff's current complaint suffers from the same deficiencies as her previous complaint in that she does not plead compliance with K.S.A. 12-105b(d), nor does she make a demand for relief sought.

---

[12] ECF doc. 1 at 2.

This case appears to be sufficiently related to 13-4076-RDR; therefore, the undersigned is compelled to recommend dismissal based on plaintiff's failure to state a claim upon which relief may be granted, as well as the frivolous nature of bringing claims that have been previously adjudicated. Accordingly, pursuant to *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005),[13] the undersigned U.S. Magistrate Judge hereby issues this report and recommendation to the presiding U.S. District Judge, Carlos Murguia, that plaintiff's motion to proceed *in forma pauperis* be denied and that the case be dismissed.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If plaintiff does not timely file her objections, no court will allow appellate review.

A copy of this order shall be mailed to plaintiff by certified and regular mail.

IT IS SO ORDERED.

Dated August 4, 2014, at Kansas City, Kansas.

　s/ James P. O'Hara

---

[13] Because denial of forma pauperis is a dispositive decision, the magistrate judge should issue a report and recommendation to the district judge rather than deciding the issue outright.

O:\ORDERS\14-4073-CM-3.DOCXocx

James P. O'Hara
U.S. Magistrate Judge