IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER,              )<br>                                                       )<br>              Plaintiff,              )<br>                                                       )<br>v.                                                    )<br>                                                       )          Case No. 14-4073-CM<br>A.D. KELLY and CHRIS DAVIS,  )<br>                                                       )<br>              Defendants.              )<br>_____) | |

### MEMORANDUM AND ORDER

Pro se plaintiff Marjorie A. Creamer filed this case on August 1, 2014. She requested to proceed in forma pauperis (Doc. 3). Magistrate Judge James P. O'Hara reviewed plaintiff's motion to proceed without payment of fees and entered a Report and Recommendation that this court deny plaintiff's request. Plaintiff was required to object to the Report and Recommendation by August 18, 2014. Plaintiff filed a facially untimely objection—on August 25, 2014. There appears to be, however, some question of when plaintiff was served with the court's Report and Recommendation. Plaintiff also filed "Motion for Docketing Statement #13-4076" (Doc. 8) about a week later.

The court likely would be justified in disregarding plaintiff's objection based on untimeliness alone. But there is a second problem with the objection: It lacks specificity. Indeed, the objection consists only of the complaint itself (renamed), plus seventy pages of supporting documentation. Plaintiff does not explain how the documentation is tied to plaintiff's claims, Judge O'Hara's order, or the law. It consists of veterinary records and other complaints and emails initiated by plaintiff, but contains no arguments that refer or respond to Judge O'Hara's order.

The court does not consider objections to a Report and Recommendation that lack specificity. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's

-1-

objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). "Objections to the magistrate judge's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute." *Garrett v. Okla. Corp. Comm'n*, 56 F. App'x 442, 443 (10th Cir. 2003) (citing *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)); *see also* Fed. R. Civ. P. 72(b)(2). Because plaintiff failed to file specific objections, she has not triggered this court's obligation to engage in a de novo review. *See* Fed. R. Civ. P. 72(b)(3) (requiring de novo review only for those parts of the magistrate judge's report that have been "properly objected to").

The court has reviewed Judge O'Hara's order and makes the following rulings. First, the court determines that plaintiff should be permitted to proceed in forma pauperis. Plaintiff's affidavit indicates that she has more in reasonable monthly expenses than she receives in the form of disability payments. The only cash she has is the amount of her last disability payment. She has a car valued at $500, but the court determines that she does not have a financial ability to pay the required filing fees. *See United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006). For this reason, the court declines to adopt that portion of the Report and Recommendation that recommends denial of plaintiff's motion to proceed without the prepayment of fees.

Because the court allows plaintiff to proceed in forma pauperis, however, the court must screen plaintiff's complaint. As stated by Judge O'Hara, 28 U.S.C. § 1915(e)(2)(B) permits the court to dismiss—sua sponte—an in forma pauperis action as (1) frivolous or malicious; (2) failing to state a claim upon which relief may be granted; or (3) seeking monetary relief from an immune defendant. *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B).

The court has reviewed Judge O'Hara's analysis on this issue and agrees with the proposed disposition of plaintiff's complaint. Judge O'Hara's analysis of plaintiff's complaint is cogent and

accurate. Plaintiff's complaint contains few factual allegations. She states, "The cause of action is the CIVIL RIGHTS action of no probable cause for handcuffing and confinement, excessive force (i.e. 42 USC section 1983 – ADA 1964, 1991, 4th amendment, K.S.A. 21-6412, K.S.A. 21-4310, K.S.A. 47-1715." (Doc. 1 at 1.) Plaintiff then discusses the death of her dogs. She acknowledges that she already filed a case regarding these claims (Case No. 13-4076), but states that she did not add the veterinarian (A. D. Kelly) to the prior case.

To the contrary, plaintiff did add veterinarian A. D. Kelly to her prior case. Judge Rogers dismissed the claims against A. D. Kelly for failure to state a plausible claim. Likewise, he also dismissed the claims against Chris Davis. Plaintiff has added nothing to her allegations in this case that would remedy the problems with her allegations in Case No. 13-4076. In fact, the instant complaint contains even fewer facts than her prior complaint. The court therefore concludes that plaintiff's complaint should again be dismissed for the reasons in both Judge O'Hara's Report and Recommendation, as well as Judge Rogers's orders in the prior case (Case No. 13-4076, Docs. 11; 50).

The court also concludes that amendment would be futile. In plaintiff's prior case arising out of the same facts, Judge Rogers afforded plaintiff no fewer than three opportunities to amend her complaint. (*Id.*, Docs. 11 at 7; 37 at 6; 41 at 3.) All of plaintiff's efforts in that case included more facts than those included in her complaint here. As previously noted, in plaintiff's objection to the Report and Recommendation, she attaches seventy pages of documents intended to prove her claim. But these documents do not connect plaintiff's allegations to the law or indicate how she has stated a plausible claim.

Finally, in plaintiff's Motion for Docketing Statement #13-4076, she does not make a clear request for relief. She appears to complain about the case caption on an order or orders in Case No.

13-4076. Plaintiff's concerns with the case caption in Case No. 13-4076 are not properly raised in the instant case. No relief is warranted, and the court denies the motion.

The court sympathizes with plaintiff for the loss of her dogs. Animals can be a large part of one's family and life. Often, their death is not easy to accept. But the court cannot authorize pursuit of a case based on sympathy. The complaint must contain a plausible claim. Here, it does not.

**IT IS THEREFORE ORDERED** that the court adopts in part the Report and Recommendation filed August 4, 2014. Plaintiff's motion to proceed in forma pauperis (Doc. 3) is granted. The court, however, dismisses her case for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Docketing Statement #13-4076 (Doc. 8) is denied.

The case is closed.

Dated this  10th  day of October, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**